ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
████████████████████████ )  ASBCA Nos. 60814, 60864
)
Under Contract No. W919QA-11-C-0076 )

APPEARANCE FOR THE APPELLANT:        ████████████████
                                     President/CEO

APPEARANCES FOR THE GOVERNMENT:      Raymond M. Saunders, Esq.
                                      Army Chief Trial Attorney
                                     CPT Harry M. Parent III, JA
                                     MAJ Julie A. Glascott, JA
                                      Trial Attorneys

ORDER OF DISMISSAL

On 22 September 2016, appellant filed a notice of appeal with the Board, asserting that its claim was deemed denied by the contracting officer. The appeal was docketed as ASBCA No. 60814. The government's Rule 4 file included a 19 July 2016 document identified by the government as appellant's certified claim letter, requesting payment in the amount of $134,500 (R4, tab 27). The document contains certification language in accordance with the Contract Disputes Act (CDA) for claims over $100,000 but is unsigned.

On 3 November 2016, the contracting officer issued what it characterized as a final decision, denying appellant's demand for $134,500 (R4, tab 28).[1] On 5 November 2016, the Board received an email from appellant which it understood as its notice of appeal from the 3 November decision and later confirmed by appellant as its appeal (see Bd. corr. file, Order dtd. 8 November 2016; app. email dtd. 18 November 2016). The appeal was docketed as ASBCA No. 60864 and consolidated with ASBCA No. 60814.

In its Order dated 3 January 2017, the Board directed government counsel to provide a copy of the signed CDA certification that was received by the contracting officer. In a letter dated 12 January 2017, the government indicated that the 19 July 2016 document was received without a signed certification from appellant. On 17 January 2017, the Board raised the issue of its jurisdiction, directing appellant to

---

[1] Although the contracting officer asserted in her decision that she received the 19 July 2016 document on 6 October 2016, this is immaterial for the purposes of this Order.

address whether a signed certification was submitted to a contracting officer prior to the filing of these appeals.

In Board Orders dated 17 March, 4 April, and 24 April 2017, the Board again directed appellant to address the issue of the Board's jurisdiction.[2] In subsequent correspondence to the Board, appellant concedes that it did not submit a signed certification to the contracting officer prior to the filing of these appeals. By Order dated 16 May 2017, the Board informed the parties that it intended to dismiss these appeals unless either party objected within 14 days of the date of the Order. The Board received no objection from either party.

Accordingly, these appeals are dismissed without prejudice to the contractor's submission of a certified claim to a contracting officer for a decision.

Dated: 1 June 2017

JOHN J. THRASHER
Administrative Judge
Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Dismissal of the Armed Services Board of Contract Appeals in ASBCA Nos. 60814, 60864, Appeals of ████
███████████████████████, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[2] Subsequent to the Board's 17 January 2017 Order, the Board encountered an issue over which email address served as appellant's primary means of receiving correspondence in these appeals. The issue was resolved.